[Cite as *State v. Ferguson*, 2012-Ohio-4778.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 12CA05 |
|  | : |  |
|  | : |  |
| ELBERT D. FERGUSON | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Cambridge
Municipal Court Case No.
11TRD06666

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        October 4, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

WILLIAM H. FERGUSON
Cambridge Law Director
150 Highland Ave., Ste. 2
Cambridge, Ohio 43725

LEWIS M. TINGLE
138 North Seventh Street
Cambridge, Ohio 43725

*Edwards, J.*

{¶1} Defendant-appellant, Elbert Ferguson, appeals his conviction and sentence from the Cambridge Municipal Court on one count of driving outside of marked lanes. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 19, 2011, appellant was cited for driving outside of marked lanes in violation of R.C. 4511.33, a minor misdemeanor. On December 8, 2011, appellant entered a plea of not guilty to the charge.

{¶3} A bench trial was held on January 13, 2012. At the trial, Trooper Mark Masters of the Ohio State Highway Patrol, who has extensive training in accident reconstruction, testified that he was in uniform in a marked cruiser on November 19, 2011 when he was sent to the scene of an accident between a motor home and a commercial vehicle. The accident occurred near a split area involving Interstate 70 and Interstate 77. At the time he arrived, both vehicles had been moved to the north of the ramp onto 77 and there was no physical evidence on the roadway that would have assisted him in his investigation. According to the Trooper, "on [appellant's] vehicle, his left rear quarter, maybe ah, foot and a half, two feet of it was damaged and the right front was damaged on the commercial which shows ah, somebody was changing lanes." Transcript at 6.

{¶4} Trooper Masters testified that appellant's motor home had "scraping damage" which caused him to believe that the vehicle was in motion and that one vehicle was overtaking the other. Transcript at 8. He testified that, in his opinion, appellant was changing lanes abruptly to get to the ramp and bumped the commercial

vehicle thinking that it was clear in front of him. The trooper testified that while this was not appellant's version of events, it was the version provided to him by the driver of the commercial vehicle.

{¶5} On cross-examination, Trooper Masters testified that, according to appellant, the driver of the commercial vehicle hit appellant's vehicle while changing lanes. He testified that there was no debris on the roadway to fix the point of impact. On redirect, when asked what made him determine that appellant's version was not accurate, the Trooper testified, in relevant part, as follows:

{¶6} "A. Yeah, the damage on Mr. Ferguson's vehicle, first of all, I have ah, it was the left rear and the commercial was the right front, which shows that somebody was ah, wanting to change into another lane. Whether it was the commercial or whether it was ah, Mr. Ferguson. By looking at Mr. Ferguson's stuff, everything was on an angle, ah, more of an angle. If it would have been, if the commercial would have moved into him, it would have been more of a blunt impact. In this case, it was, it was sort of like this type of impact where it was a scraping, somebody had more momentum, which in this case it would be Mr. Ferguson. Whether it was accelerating or just momentum in general." Transcript at 15-16.

{¶7} On recross, Trooper Masters agreed that the damage to both vehicles was consistent with appellant's explanation that he intended to take the ramp to Marietta, Ohio.

{¶8} Ronald Burgess, the driver of the commercial vehicle, testified that it appeared that it was appellant's intention to go southbound on Interstate 77. Burgess testified that he was in the left hand lane when appellant passed him on the right.

Burgess testified that appellant then cut over in front of him and clipped the front end of his truck.

{¶9}   At trial, appellant testified that he had gotten onto Interstate 70 at Zanesville and was traveling towards Cambridge. He testified that it was his intention to take Interstate 70 eastbound and go south on Interstate 77 to Marietta. Appellant testified that, as he approached the split of Interstate 77, he was traveling in the right hand lane.   Appellant testified that he intended to take the ramp south off of Interstate 70 to Interstate 77 and that, just before the southbound ramp, there was a collision between his vehicle and the commercial vehicle.  He testified that the driver of the commercial vehicle moved from the left into the right lane, colliding with appellant. When asked, appellant indicated that he did not move from the right hand lane into the left hand lane, causing the collision.

{¶10} Clifford Harris, who was a defense witness, testified that Burgess' vehicle changed lanes and came into contact with appellant's vehicle. At the time of the accident, Harris was an eighth or a quarter of a mile behind. He testified that he did not "exactly" see the two vehicles come into contact with each other. Transcript at 65.

{¶11} At the conclusion of the evidence, the trial court found appellant guilty. As memorialized in a Journal Entry filed on January 13, 2012, the trial court fined appellant $20.00.

{¶12} Appellant now raises the following assignment of error on appeal:

{¶13} "JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION."

I

{¶14} Appellant, in his sole assignment of error, argues that his conviction for driving outside of marked lanes is against the manifest weight and sufficiency of the evidence.

{¶15} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N.E.2d 541, *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jenks,* supra.

{¶16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *Thompkins,* supra at 387, citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), syllabus.

{¶17} Upon our review of the evidence, we find that any rational trier of fact, construing the evidence in appellant's favor, could have found that appellant committed the offense of driving outside of marked lanes and that the trial court, as trier of fact, did not lose its way in convicting appellant. As is stated above, Trooper Masters, who worked in the area of accident reconstruction with the Ohio State Highway Patrol and who taught classes in crash investigation at the Ohio Highway Patrol Academy, testified that, based on the condition of the vehicles, the accident was caused by appellant. The Trooper testified that based on the scraping on appellant's vehicle, he opined that the accident was caused when appellant was accelerating while changing lanes. In addition, Ronald Burgess, the driver of the commercial vehicle, testified that appellant caused the accident when he cut over in front of Burgess and clipped the front end of Burgess' truck. Moreover, Mike Shirley, who was a passenger in Burgess' vehicle, testified that he observed appellant's vehicle "coming in front of us". Transcript at 38. The trial court, as trier of fact, was in the best position to assess their credibility and clearly found their version of events credible.

**{¶18}** Based on the foregoing, appellant's sole assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Cambridge Municipal Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0710

[Cite as *State v. Ferguson*, 2012-Ohio-4778.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ELBERT D. FERGUSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CA05 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES